UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ROLLINS, | No. 2:21-cv-01023-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED HEALTHCARE SERVICES, INC., doing business as United Health Group, | |
| Defendant. | |

      This matter is before the Court on Defendant United Healthcare Services's ("Defendant") Motion to Compel Arbitration. (ECF No. 5.) Plaintiff Jennifer Rollins ("Plaintiff") filed an opposition. (ECF No. 12.) Defendant filed a reply. (ECF No. 13.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action in Butte County Superior Court on May 4, 2021. (ECF No. 1-1 at 2.) Plaintiff alleges she was employed by Defendant and Defendant subsequently discriminated against her due to her disability and/or medical condition. (*Id.* at 3–4.) Plaintiff alleges causes of action for disability discrimination, failure to reasonably accommodate her disability, retaliation, and wrongful termination in violation of public policy. (*Id.* at 7–11.)

Defendant removed the action to this Court on June 9, 2021, on the basis of diversity jurisdiction (ECF No. 1), and on August 5, 2021, filed the instant motion to compel arbitration and stay the action (ECF No. 5). In its motion, Defendant argues the arbitration agreement ("Arbitration Agreement") entered into by the parties bars Plaintiff's ability to bring this action and she must be compelled to arbitrate. (ECF No. 5-1 at 7.) On September 2, 2021, Plaintiff filed an opposition (ECF No. 12), and on September 9, 2021, Defendant filed a reply (ECF No. 13).

## II. STANDARD OF LAW

In deciding whether to compel arbitration, a district court typically determines two gateway issues: (1) whether a valid agreement to arbitrate exists; and, if it does, (2) whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "To evaluate the validity of an arbitration agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). If the court is "satisfied that the making of the arbitration agreement or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). If a court "determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to arbitration." *Hoekman v. Tamko Bldg. Prod., Inc.*, No. 2:14-cv-01581-TLN-

KJN, 2015 WL 9591471, at *2 (E.D. Cal. Aug. 26, 2015) (citation omitted).

### III.   ANALYSIS

As a threshold matter, Defendant argues that the Court need not address most of Plaintiff's arguments because the Arbitration Agreement includes a delegation clause and thus the Court need only decide whether the question of arbitrability be reserved for arbitration as set forth in the American Arbitration Association ("AAA") Rules.  (ECF No. 5 at 11.)  Plaintiff does not dispute this in her opposition, and instead provides numerous arguments regarding the enforceability of the Arbitration Agreement.  (*See* ECF No. 12.)  The Court agrees with Defendant.

Courts within this circuit have previously determined that identical delegation provisions have unmistakably delegated the issue of arbitrability to the arbitrator:

> Here, like in *Razzaghi* [*v. UnitedHealth Group*, No. SACV 18-01223 AG (JDEx), 2018 WL 7824552 (C.D. Cal. Sept. 17, 2018)], the question of arbitrability has been delegated to the arbitrator. Why? Because the AAA Rules, which are expressly incorporated into United's Arbitration Policy, say so. (*See* Weedman Decl. at Exh. 2 ("The arbitrator shall have the power to rule on his or her own jurisdiction . . . .") And the Ninth Circuit has held that this express kind of incorporation is sufficient to prove the parties' delegated the issue of arbitrability to arbitration.

*Paolino v. United Health Care Servs., Inc.*, No. SACV 19-00557-AG-(DFMx), 2019 WL 2601348, at *3 (C.D. Cal. June 3, 2019) (internal citations omitted) (citing *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015)).  Moreover, in *Razzaghi*, 2018 WL 7824552, at *1, the court determined a similar agreement "clearly and unmistakably delegate[d] the issue of arbitrability to an arbitrator." *Id.* at *4.  The court further concluded the delegation provision was not "unconscionable or otherwise unenforceable" and the plaintiff's "other arguments concerning whether the Arbitration [Policy] as a whole is enforceable are appropriately left for the arbitrator to decide." *Id.*  On that basis, the plaintiff's claims were dismissed in favor of arbitration.

"The only way to circumvent this rule is by showing that the agreement to arbitrate arbitrability is itself unconscionable." *Brennan*, 796 F.3d at 1132 ("Because a court must enforce an agreement that, as here, clearly and unmistakably delegates arbitrability questions to the arbitrator, the only remaining question is whether the particular agreement to delegate

1 arbitrability — the Delegation Provision — is itself unconscionable."). But, as mentioned, Plaintiff makes no such arguments. In fact, Plaintiff does not mention the delegation provision in her opposition. Instead, Plaintiff argues the Arbitration Agreement specifically is unconscionable — a question reserved for the arbitrator. Because there are no arguments that the delegation provision itself is unconscionable, and similar provisions have been upheld within this circuit, the Court finds Plaintiff's remaining arguments as to the Arbitration Agreement must be decided by the arbitrator.

Accordingly, the Court GRANTS Defendant's motion to compel arbitration and finds the issue of arbitrability is delegated to the arbitrator. The Court need not rule on Plaintiff's arguments concerning the enforceability of the Arbitration Agreement.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Compel Arbitration (ECF No. 5) and STAYS the case pending completion of arbitration. The parties shall notify the Court within thirty (30) days of completing arbitration.

IT IS SO ORDERED.

DATED: March 8, 2022

　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　United States District Judge